UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC LEROY NELSON,<br><br>    Plaintiff,<br><br>    v.<br><br>MARIA CARMEN NELSON,<br>JAYALAKSHMI BADIGA,<br><br>    Defendants. | No. 2:17-cv-1333-EFB<br><br><br><u>ORDER</u> |

This matter was before the court on November 15, 2017, for hearing on (1) defendant Maria Nelson's motion to dismiss plaintiff's first and second causes of action for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 5) and motion to strike the third and fourth causes of action under California's Anti-SLAPP statute (ECF No. 4), and (2) defendant Jayalakshmi Badiga's motion to dismiss the complaint for failure to state a claim pursuant to Rule 12(b)(6) and for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) (ECF No. 6).[1] Attorney Lauren De La Rosa appeared on behalf of defendant Maria Nelson ("Maria")[2] and attorney Natalie Vance appeared on behalf of defendant Jayalakshmi Badiga

---

[1] This case was reassigned to the undersigned based on the consent of the parties. ECF No. 34; *see also* E.D. Cal. L.R. 305; 28 U.S.C. § 636(b)(1).

[2] To avoid confusion with the plaintiff's last name, the court refers to defendant Maria Nelson by her first name.

1

("Badiga"). Plaintiff appeared pro se. In opposition to defendants' motions, plaintiff requests leave to amend his complaint to add additional facts and assert a claim for violation of the Racketeer Influenced and Corrupt Organization Act, which the court construes as a motion to amend pursuant to Rule 15. ECF No. 23 at 7-9, ECF No. 26 at 6-10.[3] For the reasons stated on the record, and as explained below, defendants' motions to dismiss and Maria's motion to strike are granted, and plaintiff's motion to amend is denied.

I. Factual Allegations

The complaint alleges that plaintiff was previously married to defendant Maria. ECF No. 1 ¶ 16. Maria filed for divorce in January 2015. *Id*. ¶¶ 16, 17. In January 2016, she obtained a temporary domestic violence restraining order ("DVRO"), which expires in January 2019. *Id*. ¶ 18. Plaintiff filed an appeal challenging the issuance of the DVRO, which is currently pending. *Id*. ¶ 20. Although Maria initially represented herself in the divorce proceedings, she eventually retained defendant Badiga as counsel in that matter. *Id*. ¶¶17, 21.

In January 2017, plaintiff filed a civil action in state court against Maria, alleging, among other things, misuse of the DVRO. *Id*. ¶ 19. Badiga also represented Maria in that action. During settlement negotiations Badiga, on behalf of Maria, emailed plaintiff and proposed that all proceeds from the sale of the former couple's house be given to Maria, and that Maria also not be required to pay the amount awarded to plaintiff by the family court. *Id*. ¶ 24. In exchange, Maria agreed to dismiss the DVRO. *Id*. Not surprisingly, the negotiations in these underlying divorce and domestic restraining order proceedings took on an increasingly sharp tone. When plaintiff rejected the offer, Badiga allegedly sent a second email stating that "there's enough for my client to seek permanent orders against you in a renewal. Let's evaluate both outcomes to see what they are worth in a potential settlement." *Id*. Plaintiff claims that this constituted a threat to seek a permanent DVOR which caused him to suffer emotional distress because a permanent DVOR would preclude him from working in law enforcement. *Id*. ¶ 25.

---

[3] Although plaintiff did not properly file and notice for hearing a motion to amend in compliance with Local Rule 230, the court nonetheless addressed his request for leave to amend at the November 15 hearing.

2

The complaint asserts claims for (1) attempted extortion in violation of 18 U.S.C. § 1951, (2) attempted wire fraud in violation 18 U.S.C. §§ 1343 & 1349, and state law claims for (3) intentional and (4) negligent infliction of emotional distress.[4]  *Id*. at 7-12.

II.     Motions to Dismiss

Defendants move to dismiss for failure to state a claim and for lack of subject matter jurisdiction.

A.      Rule 12(b)(6) Standard

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  However, dismissal is appropriate if the complaint lacks a cognizable legal theory or it fails to plead sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. *Jenkins v. McKeithem*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969).  The court will "presume that general allegations embrace those specific facts that are

---

[4] Plaintiff's fourth cause of action is entitled "Unintentional Infliction of Emotion Distress."  ECF No. 1 at 12.  The court construes this claim as one for negligent infliction of emotional distress.

3

necessary to support the claim.'" *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 256 (1994) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

Plaintiff is proceeding without counsel and pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985). But this less stringent standard for pro se parties must still be viewed in light of *Iqbal* and *Twombly*. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Further, the court's liberal interpretation of a pro se litigant's pleading may not supply essential elements of a claim that are not pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Furthermore, "[t]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Neither need the court accept unreasonable inferences, or unwarranted deductions of fact. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

B. Rule 12(b)(1) Standard

A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Id*. at 377. The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U.S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U.S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000.28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). "When subject matter jurisdiction is challenged under Federal Rule of Civil Procedure 12(b)(1), the plaintiff has the burden of proving

jurisdiction in order to survive the motion." *Tosco Corp. v. Cmtys. For a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001) (citing *Stock West, Inc. v. Confederation Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989)).

### C. Discussion

Maria and Badiga argue that plaintiff's purported claims for extortion under 18 U.S.C. § 1951 (claim one) and wire fraud and conspiracy under 18 U.S.C. §§ 1343 and 1349 (claim two), fail as a matter of law because these are criminal statutes which do not create a private right of action.[5]  ECF Nos. 5, 6.  The argument is well taken.

The criminal statutes that plaintiff attempts to sue under simply do not provide a private right of action. *See Shetty v. Lewis*, 2017 WL 1177993, at *2 (N.D. Cal. Mar. 30, 2017) ("18 U.S.C. § 1951, a criminal statute addressing 'Interference with commerce by threat or violence' . . . does not provide for a private right of action."); *Samzelius v. Bank of America*, 2012 WL 12949683, at *9 (N.D. Cal. Oct. 9, 2012) ("Extortion is a federal criminal offense, and there is no private right of action for extortion."); *Hacker v. Hacker*, 2015 WL 8780561, at *3 (E.D. Cal. Dec. 12 2015) (18 U.S.C. § 1343 does not provide a private right of action); *Reynolds v. Wilkerson*, 2014 WL 4062771, at *4 (N.D. Cal. Aug. 14, 2014) (18 U.S.C. §§ 1343 and 1349 "are criminal statutes that confer no private causes of action and thus cannot serve as the basis for federal question jurisdiction."). Accordingly, plaintiff's first and second causes of action must be dismissed without leave to amend.

Plaintiff's remaining causes of action are state law claims for intentional and negligent infliction of emotional distress.  Plaintiff concedes that diversity jurisdiction is absent over his state law claims.  *See* ECF No. 1 at 3-4; ECF No. 23 at 4 ("All parties are citizens of California").

/////

---

[5] The court grants defendant Maria's requests for judicial notice of state court records filed in the Sacramento County Superior Court.  ECF No. 6-2; *see* Fed. R. Evid. 201(b); *United States v. Howard*, 381 F.3d 873, 876 n. 1 (9th Cir. 2004) (stating that a court may take judicial notice of court records in another case).  The court also considers emails submitted by defendant Badiga.  The emails may be considered under the incorporation by reference doctrine as the contents of the emails are alleged in the complaint and no party questions the authenticity of the emails. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

As plaintiff's federal claims must be dismissed without leave to amend, the court declines to exercise supplemental jurisdiction over plaintiff's state law claim. *See Carlsbad Tech., Inc. v. HIF BIO, Inc.*, 556 U.S. 635, 639-40 (2009); *Albingia Versicherungs A.G. v. Schenker Int'l Inc.*, 344 F.3d 931, 936 (9th Cir. 2003); 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction."). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine-judicial economy, convenience, fairness, and comity-will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988). Indeed, "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of the applicable law." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). Accordingly, plaintiff's state law claims are dismissed without prejudice.[6]

III.  Motions to Amend

In his oppositions to defendants' motions, plaintiff argues that he should be granted leave to amend to allege a civil RICO claim. ECF No. 23 at 7-9; ECF No. 26 at 6-10. He contends that defendants engaged in two acts of racketeering activity, which, he argues, is sufficient to allege a RICO claim. *Id*.

To state a civil RICO claim, a plaintiff must allege facts showing: (1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity (known as "predicate acts"), (5) causing injury to plaintiff's business or property. *Sanford v. Memberworks, Inc.*, 625 F.3d 550, 557 (9th Cir. 2010); *Walter v. Drayson*, 538 F.3d 1244, 1247 (9th Cir. 2008); *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996). The alleged enterprise must exist "separate and apart from that inherent in the perpetration of the alleged [activity]." *Chang v. Chen*, 80 F.3d 1293, 1300-01 (9th

---

[6] Because the court declines to exercise supplemental jurisdiction over plaintiff's state law claims, it does not reach the merits of defendant Badiga's motion to strike the state law claims under California's Anti-SLAPP statute. Accordingly, that motion is denied as moot.

Cir. 1996). A "pattern of racketeering activity" means at least two criminal acts enumerated by statute. 18 U.S.C. § 1961(1), (5) (including, among many others, mail fraud, wire fraud, and financial institution fraud). Those so-called "predicate acts" under RICO, if based on a theory of fraudulent conduct, must be alleged with specificity in compliance with Rule 9(b). *Schreiber Distrib. Co. v. ServWell Furniture Co.*, 806 F.2d 1393, 1400-01 (9th Cir. 2004); *see also Lancaster Community Hospital v. Antelope Valley Hospital Dist.*, 940 F.2d 397, 405 (9th Cir. 1991) (holding with respect to the predicate act of mail fraud that a plaintiff must allege with "particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme"); *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392-93 (9th Cir. 1988); *Pineda v. Saxon Mortgage Services*, 2008 WL 5187813, at *4 (C.D. Cal. Dec.10, 2008) ("It is not enough for [plaintiff] to rely on mere labels and conclusions" to establish a RICO claim, but rather plaintiff must give each defendant notice of the particular predicate act it participated in and must allege each predicate act with specificity).

In addition to the complaint's allegations that Badiga sent "threatening" emails on June 12, 2017, plaintiff alleges, in his oppositions, that Badiga previously made a similar threat. He claims that on June 9, 2017, he met and conferred with Badiga in relation to the state court action he filed against Maria.[7] ECF No. 26 at 8. At the meeting, Badiga allegedly "demanded that Plaintiff surrender 100% of his trial award, and also forgive 100% of the debt assigned payable to him by Defendant Maria Carmen Nelson." *Id.* As plaintiff characterizes it, "Badiga threatened Plaintiff with a lifetime DVRO if he did not pay the money and forgive the financial debt." *Id.* Plaintiff argues that such conduct constitutes attempted extortion in violation of 18 U.S.C. § 1951. *Id.* Thus, he contends, the statements made by Badiga on June 9 and the June 12 constitute two predicate acts establishing a pattern of racketeering.

/////

/////

---

[7] Although facts raised for the first time in an opposition may not be considered in deciding a Rule 12(b)(6) motion, they "should be considered by the court in determining whether to grant leave to amend or to dismiss the compliant with or without prejudice." *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003)

As a threshold matter, the settlement demands allegedly made by Badiga on behalf of Maria do not constituted extortion. Extortion requires a "wrongful use of force or fear." *Rothman v. Vedder Park Management*, 912 F.2d 315, 318 (9th Cir. 1990). Nothing of the kind occurred here.[8] The allegations of plaintiff's complaint simply show settlement discussions between the parties in which each side made note of remedies they might pursue if the state court proceedings did not resolve. It is clear that the reference to Maria having the option to seek a permanent DVRO was made in the context of settlement discussions, and thus cannot serve as the basis for plaintiff's RICO claim. *See Sosa v. DirectTv, Inc.*, 437 F.3d 923, 942 (9th Cir. 2006) ("Because the demand letters at issue here sought settlement of claims against Sosa under the Federal Communications Act, and no sham is claimed, they cannot form the basis of liability under RICO"). Further, as discussed at oral argument on these motions, it was plaintiff who initiated global settlement discussions that would include the property issues and his desire to have the restraining order lifted. Thus, the fact that the negotiations included both the topic of community property division and the restraining order proceedings does not render the response to plaintiff's demand that the restraining order be dissolved as somehow an act of extortion.

Moreover, even assuming that the statements could be construed as extortion, isolated acts fail to establish a RICO violation. Although a "pattern of racketeering activity" requires at least two criminal acts within a ten year period, engaging in two criminal acts is not necessarily sufficient. *Turner v. Cook*, 362 F.3d 1219, 1229 (9th Cir. 2004). "A 'pattern' of racketeering activity also requires proof that the racketeering predicates are related and 'that they amount to or pose a threat of continued criminal activity.'" *Id*. The Supreme Court has explained RICO's continuity requirement as follows:

> "Continuity" is both a closed- and open-ended concept, referring either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition.... A party alleging a RICO violation may demonstrate continuity over a

---

[8] The complaint in no way demonstrates that the defendants made a "wrongful use of force or fear." *See Rothman*, 912 F.2d at 318 ("As a general rule, even if subject to some exceptions, what you may do in a certain event you may threaten to do, that is, give warning of your intention to do in that event, and thus allow the other person the chance of avoiding the consequence.").

> closed period by proving a series of related predicates extending over a substantial period of time. Predicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy this requirement[.]

*H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 241 (1989).

To establish open-ended continuity, a plaintiff must allege predicate acts that project into the future a threat of repetition. *Turner*, 362 F.3d at 1229. "Conversely, an alleged 'series of related predicates' not 'extending over a substantial period of time' and not 'threatening . . . future criminal conduct' fails to charge closed-ended continuity.'" *Id.*; *see also H.J. Inc.*, 492 U.S. at 241-42 ("Predicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy [continuity] requirement: Congress was concerned in RICO with long-term criminal conduct).".

In *Turner*, the plaintiffs alleged that an attorney and his clients violated RICO by sending hundreds of false and misleading communications to third-party insurance companies in an attempt to collect a civil judgment entered against the plaintiffs. 362 F.3d at 1221-25. The communications allegedly misrepresented the substance of the state court's order and judgment in an attempt to obtain funds from third parties to satisfy a civil judgment. The district court dismissed the plaintiffs' RICO claim, finding that they failed to establish that the criminal activity would continue because the "activities were destined to end once the collection of the tort judgment was completed." *Id.* at 1230. In affirming, the Ninth Circuit rejected the plaintiffs' argument that the "continuous pattern of mailing hundreds of fraudulent letters satisfied RICO's continuity requirement." *Id.* at 1230 (quotations omitted). The court found that the plaintiffs had "failed to satisfy *H.J. Inc.*'s open-ended continuity requirement since the alleged actions were finite in nature in that the mailings, faxes and telephone calls would cease once appellees collected the outstanding tort judgment." *Id.* The court also found that the plaintiffs failed to establish closed-ended continuity "[b]ecause almost all of the alleged fraudulent communications occurred during the two month period between June and July of 2001, and the additional three categories of communication occurred only sporadically in the preceding year (and one of these

/////

communications was sent to one of the appellants) appellants have failed to allege a 'series of related predicates extending over a substantial period of time.'" *Id*. at 1231.

Here, Badiga's statements do not demonstrate continuity. As indicated above, the first alleged threat was made on June 9, and the emails at issue were sent three days later. These isolated acts do not constitute a "series of related predicates extending over a substantial period of time." Accordingly, the allegations fail to show closed-ended continuity. The statements also fail to satisfy open-ended continuity. The alleged "threats" to seek a permanent restraining order were made in relation to settlement discussions concerning a state court civil suit plaintiff filed against Maria over the distribution of marital property. These "threats" would cease after conclusion of the civil action and division of the marital property. Accordingly, the open-ended continuity requirement is also not satisfied. Accordingly, were plaintiff given leave to amend, he would still fail to state a federal claim against defendants. Accordingly, there is no basis for granting plaintiff leave to amend to allege a civil RICO claim.[9]

IV. Conclusion

Accordingly, it is hereby ORDERED that:

1. Defendants Badiga and Nelson's motions to dismiss (ECF No. 5, 6) are granted;

2. Defendant Badiga's motion to strike is denied as moot;

3. Plaintiffs' motions to amend the complaint (ECF Nos. 23, 26) are denied;

4. Plaintiff's request for additional time to respond to court filings (ECF No. 28) is denied as moot;

5. Plaintiff's complaint is dismissed without leave to amend; and

6. The Clerk is directed to close the case.

DATED: March 19, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[9] Plaintiff has also requested that he be given more time to respond to court filings than the times provided by the Federal Rules of Civil Procedure and Local Rules. ECF No. 27. As the complaint must be dismissed without leave to amend, this request is denied as moot.

10